In re Alberto DUQUE, Debtors.

Bankruptcy No. 83–00903–BKC–TCB.

United States Bankruptcy Court,
S.D. Florida.

Aug. 9, 1983.

David Levine, Miami, Fla., Nancy Worth, Coral Gables, Fla., for Gen. Coffee.

## ORDER DENYING MOTION TO VACATE ORDER APPOINTING SPECIAL COUNSEL FOR CRIMINAL DEFENSE OF INDIVIDUAL DEBTOR

THOMAS C. BRITTON, Bankruptcy Judge.

On July 15, the individual debtor, Alberto Duque, through his bankruptcy counsel in this chapter 11 proceeding, applied for authority to retain special criminal counsel to defend the debtor in a pending prosecution under a federal felony charge or charges. That application was granted ex parte.

Two major creditors, Shawmut Boston International Banking Corp. (C.P. No. 136) and Credit Lyonnais-Panama (C.P. No. 155) have applied for rehearing and for an order vacating the earlier order on the ground that (a) the employment of criminal counsel will not inure to the benefit of the estate, and (b) 11 U.S.C. § 327, which relates generally to the employment of professional persons, does not authorize the employment of criminal counsel to represent a debtor. The motion was heard on August 8. It is denied.

A debtor seeking relief under chapter 11 need not be insolvent. This debtor admits to ownership of over $1 million in assets. It is quite possible that he would not qualify for appointment of defense counsel at public expense. I cannot find any provision in the Code which denies this chapter 11 debtor the right to employ an attorney to represent him in a criminal prosecution merely because the individual has petitioned for relief under chapter 11 of the Code.

Assuming that this debtor would be eligible for the appointment of defense counsel at public expense, I see nothing in the Code which would deny this debtor the option to use the assets or property of his chapter 11 estate for that purpose, subject to the requirements of § 330(a) which requires an application, notice, hearing and this court's approval of any fee or reimbursement paid to the debtor's attorney.

I cannot believe that it was intended by the Code that as a condition to relief under chapter 11 (or for that matter any other chapter), the debtor's constitutionally protected right to counsel in a criminal proceeding be denied or restricted in any way. It is true, as these creditors argue, that the provisions of § 327, which relate to the employment of professional persons by trustees, and § 1107(a) which gives the debtor the rights and powers of a trustee do not explicitly authorize the employment of defense counsel for a criminal matter. However, the omission in this instance does not require the interpretation these creditors have placed upon it.